## M. G. WALTON v. ISAAC MIZE.

**Vendor and Purchaser—Parol Agreement for Rescission.**
Evidence of a parol agreement for the sale of land, or promise that the vendor should have the land back, by refunding the purchase price, with interest, is not such an agreement or contract as can be enforced, under the statute.

**Landlord and Tenant—Payment of Rent in other than Specified Manner.**
Where a tenant makes a tender of rent, which was payable in money, by offering corn, the amount must be measured up and set apart specifically for that purpose.

APPEAL FROM ESTILL CIRCUIT COURT.

June 11, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence of a parol agreement for a sale of the land to appellant, or promise that he should have the land back by refunding the price paid, with interest, is not such a contract or agreement under the statute as can be enforced; but the numerous obligations executed by appellant to appellee for the rent of the place, indicate very strongly that the parol agreement for a re-sale of the land was abandoned by the statutes.

Appellee in his petition charges that he demanded a surrender of the possession of the land to him several times before he commenced his action, and that averment in the petition is not denied in the answer. And if it were, a notice to surrender the possession is very clearly proved.

The rent was fixed at a certain price in money, and if appellant wished to discharge it in corn, which he had a right to do, she should have measured up the corn and set it apart for appellee.

No claim is made and set up in the answer for pay for improvements, and proof without allegations will not authorize relief.

Appellant admits the sale and purchase by appellee of the

land under the judgment in the case referred to, and does not question its validity in his pleadings.

After a careful examination of the record, and consideration of the several objections made by counsel to the judgment, we see no error available for a reversal.

Wherefore the judgment must be *affirmed*.

*Lilly, for appellant.*